```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )     Chapter 7
EUGENE L. SCHRANDT and          )
MARY JEAN SCHRANDT,             )
                                )     Bankruptcy No. 04-04172
       Debtor.                  )
```

### ORDER RE: OBJECTION TO EXEMPTION AND
### TRUSTEE'S MOTION FOR SUMMARY JUDGMENT
### RE: EXEMPTION OBJECTION

This matter came before the undersigned on June 30, 2005. Trustee Sheryl Schnittjer was represented by attorney Brian Fagan. Debtors were represented by attorney Michael Dunbar. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### STATEMENT OF THE CASE

Debtors claim annual CRP payments of $5,636 exempt under Iowa Code sec. 627.6(8)(a). Trustee filed an Objection to Exemption and a Motion for Summary Judgment re: Exemption Objection. Debtors resist.

The parties agree there are no material facts in dispute. Debtors filed their Chapter 7 petition on October 26, 2004. They participate in four conservation reserve program ("CRP") contracts, receiving a total of $5,636 annually in October of each year. By amended schedules filed April 12, 2005, Debtors disclose a property interest in these CRP payments and claim them exempt under Iowa Code sec. 627.6(8)(a). This section creates an exemption for "a social security benefit, unemployment compensation, or any public assistance benefit."

Debtors rely on In re Wilson, 305 B.R. 4 (N.D. Iowa 2004). Trustee argues that Wilson is clearly distinguishable and CRP payments are not "public assistance benefits" within the meaning of sec. 627.6(8)(a).

## CONCLUSIONS OF LAW

In <u>Wilson</u>, the court held: "Construing the exemption liberally in favor of the debtor, the [ ] Farm Bill payments are exempt under sec. 627.6(8)(a) as "public assistance benefits." 305 B.R. at 21. As Trustee notes, the court specifically limited its discussion to commodity program payments under Title I of the Farm Bill. <u>Wilson</u>, 304 B.R. at 17; Farm Security and Rural Investment Act of 2002, Pub. L. No. 107-171, 116 Stat 134 (May 13, 2002) ("Farm Bill").

The conservation reserve program appears in Title II of the Farm Bill, Subtitle B, § 2101 et seq, and is codified in 16 U.S.C. 3831 et seq. The stated purpose of the legislation is "to conserve and improve the soil, water, and wildlife resources" of land enrolled in the program. 16 U.S.C. 3831(a); <u>see also</u> 7 C.F.R. § 1410.3 ("The objectives of the CRP are to cost-effectively reduce water and wind erosion, protect the Nation's long-term capability to produce food and fiber, reduce sedimentation, improve water quality, create and enhance wildlife habitat, and other objectives including encouraging more permanent conservation practices and tree planting."). Participating land owners are paid annual rent for the enrolled lands in return for committing the lands to the program and agreeing to implement the conservation measures. <u>In re Holte</u>, 83 B.R. 647, 648 (Bankr. D. Minn. 1988) (finding CRP payments were not exempt as earnings under Minnesota exemption statute).

Debtors concede they have found no cases which hold that CRP payments are a type of public assistance which could be exempt under Iowa Code sec. 627.6(8)(a), and the Court is aware of none. Trustee's argument that CRP payments are distinguishable from commodity program payments under the Farm Bill is persuasive. From the foregoing, it is obvious the purpose of CRP payments is conservation of the land, not assistance for the needy. The Court holds that Debtors' CRP payments are not exempt as "public assistance benefits" under sec. 627.6(8)(a).

**WHEREFORE**, Trustee's Motion for Summary Judgment Re: Exemption Objection is GRANTED.

**FURTHER**, Trustee's Objection to Exemption is GRANTED.

**FURTHER**, Debtors may not claim their CRP payments exempt under Iowa Code sec. 627.6(8)(a).

**DATED AND ENTERED** July 11, 2005

_[signature]_

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE